

**ORDERED in the Southern District of Florida on April 23, 2020.**

_____
**Mindy A. Mora, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

In re:                                                       Case No.: 17-20026-MAM

SIMON REYNOLDS,                              Chapter 7

    Debtor.
_____/

NICOLE TESTA MEHDIPOUR,               Adv. Proc. No. 19-01312-MAM

    Plaintiff.

v.

DOROTHY DAWN RICKS;
MUNIFICENT PARTNERS, LP; AND
ALG CAPITAL GROUP LIMITED
INC.,

    Defendants.
_____/

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR
JUDGMENT ON THE PLEADINGS (ECF NO. 19)**

In this Adversary Proceeding, the parties dispute material facts supporting the allegations in the Complaint. The Court therefore denies Defendants Dorothy Dawn Ricks and Munificent Partners, LP's (collectively, "Defendants") motion for judgment on the pleadings (ECF No. 19) (the "Motion").

I.  Procedural Background and Complaint Allegations

Simon Reynolds ("Debtor") filed a petition for chapter 7 bankruptcy relief on August 7, 2017. Exactly two years later, the chapter 7 trustee ("Trustee") filed this adversary proceeding against Defendants and ALG Capital Group Limited Inc. ("ALG"). The Complaint (ECF No. 1) asserts nine causes of action based on multiple legal theories, including fraudulent transfer under the Bankruptcy Code and applicable state law, transfers otherwise avoidable under the Bankruptcy Code, disallowance of claims, unjust enrichment, and alter ego/veil-piercing.[1]

In the Complaint, Trustee describes a complex pattern of fund-shifting at Debtor's direction. This web of interconnected transfers apparently continued postpetition and involved multiple accounts, some of which were not under Debtor's sole (or even direct) control. Those accounts include an account with Bank of America (the "Account"). At the heart of the web lies ALG, Debtor's wholly owned company.

The ultimate questions at issue in this adversary proceeding are: (1) did Debtor orchestrate the flow of funds to (and from) the Account; (2) is ALG the alter ego of the

---

[1] Eight of the counts involve Defendants. The ninth count (alter ego/veil-piercing) is asserted solely against ALG.

2

Debtor; (3) does Debtor's purported manipulation of the transfers at issue (the "Transfers") show intent to defraud his creditors; and (4) did the Defendants provide a benefit in exchange for the Transfers? Each of these questions presents a fact-specific inquiry that cannot be finally determined at this stage of the Adversary Proceeding because the pleadings collectively reveal multiple material disputes of fact. *Perez v. Wells Fargo N.A.,* 774 F.3d 1329, 1335 (11th Cir. 2014).

II.   Analysis

The Motion seeks judgment on the pleadings as to the chapter 7 trustee's complaint (ECF No. 1) (the "Complaint") under Federal Rule of Civil Procedure 12(c) ("Rule 12(c)").[2] Defendants present the following arguments in support of the Motion:

- The Transfers are not avoidable because Defendants provided reasonably equivalent value;
- There is no harm to the estate as a result of the Transfers;
- There was no avoidable transfer; and
- Debtor's actions did not confer a benefit upon Defendants and therefore damages against Defendants would be inequitable.

Trustee's Response (ECF No. 35) asserts that judgment on the pleadings in favor of Defendants is inappropriate because the Court may grant the relief sought in the Complaint based upon a "set of facts that could be prove[n] consistent with the allegations …." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002); *Goldberg v.*

---

[2] Bankruptcy Rule 7012 incorporates Rule 12(c) and makes it relevant to this Adversary Proceeding.

3

*Bosshardt (In re SOL, LLC)*, Adv. Proc. No. 09-02351-BKC-AJC-A, 2010 WL 1169751, at *2 (Bankr. S.D. Fla. March 22, 2010) (quoting same). Trustee emphasizes several points of dispute between the parties, including (i) Debtor's alleged status as the alter ego of ALG (and vice versa), (ii) the purported overlap of creditors and assets between Debtor and ALG, and (iii) the potential absence of any reasonably equivalent value tendered by Defendants in exchange for the Transfers.

It is abundantly clear from the record in Debtor's main bankruptcy case that allegations of alter ego status pervade every aspect of the Trustee's administration of Debtor's bankruptcy estate. Although it is true that alter ego status has not been proven to exist for *res judicata* purposes, Debtor has conceded this point in a settlement with Trustee. *See* ECF Nos. 149 and 164 in Case No. 17-20026. In addition, ALG has thus far declined to respond to Count IX of this Adversary Proceeding.[3]

    A. <u>Rule 12(c) Standard</u>

Federal Rule of Civil Procedure 12(c) ("Rule 12(c)") [1] provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001); *Perez,* 774 F.3d at 1335 (quoting same). In determining whether to grant

---

[3] ALG likewise has not engaged counsel to represent its interests.

4

judgment on the pleadings, the court must accept all material facts in the complaint as true and view them in the light most favorable to the non-moving party. 250 F.3d at 1301. If the parties' submissions collectively demonstrate a material dispute of fact, the court must deny judgment on the pleadings. 774 F.3d 1335 (citing *Stanton v. Larsh*, 239 F.2d 104, 106 (5th Cir. 1956)).

    B.  <u>The Pleadings Collectively Demonstrate Material Disputes of Fact</u>

Having reviewed the Complaint, the Motion, the Response, and Defendants' Reply (ECF No. 36), the Court concludes that the pleadings collectively demonstrate multiple material disputes of fact. Accepting all of Trustee's allegations in the Complaint as true, as the Court must, the allegations indicate that Debtors transferred funds to Defendants to the detriment of Debtor's other creditors.[4] Defendants' fact-based arguments refute many of the underlying facts alleged by Trustee, as well as the resulting claims made by Trustee, including whether Debtor is the alter ego of ALG, the avoidabilty of the Transfers, if Debtor (or ALG) made the Transfers for reasonably equivalent value, and whether the Transfers harmed Debtor's creditors. The Response makes clear that Trustee disputes many of the facts alleged by Defendants that support their claim to judgment on the pleadings.

Judgment in favor of Defendants at this juncture would require the Court to ignore the veracity of the Complaint and accept Defendants' contentions as true.

---

[4] These assumptions include accepting as true various allegations supporting the conclusion that ALG is the alter ego of the Debtor.

5

Essentially, Defendants' request for judgment on the pleadings seeks judgment in Defendants' favor prior to discovery despite the existence of disputed material facts. This the Court cannot do. *See Perez*, 774 F.3d at 1335.

    C. <u>Additional Defenses in Equity</u>

In addition to their request for relief under Rule 12(c), Defendants assert equitable defenses. These defenses require the court to consider additional facts not presently in the record.[5] As a result, analysis of these defenses at this juncture is inappropriate and must wait until the parties have completed discovery. *Perez*, 774 F.3d at 1342 ("This Circuit expresses a strong preference that cases be heard on the merits and strives to afford a litigant his or her day in court, if possible.") (internal citations, quotations, and edits omitted).

    III.   <u>Order</u>

Accordingly, the Court, having considered the Motion, the Response, the Reply, the full record of this Adversary Proceeding and Debtor's main bankruptcy case, and being otherwise fully informed in the premises, hereby **ORDERS AND ADJUDGES** that:

1. The Motion (ECF No. 19) is **DENIED**.
2. Defendants may assert any equitable defenses set forth in the Motion at summary judgment or trial.

---

[5] Although Defendants contend that it is "undisputed" that Defendants provided reasonably equivalent value in exchange for the Transfers, there is insufficient evidence in the record to support that contention. More importantly, this argument merely supplements an equitable defense to Trustee's claim.

3. This Court retains jurisdiction over all matters relating to the interpretation or implementation of this Order.

###

Copy furnished to:

John E. Page, Esq.

*Attorney Page is directed to serve this order upon all interested parties and file a conforming certificate of service.*